**LEE DONG SEP, an infant, by Lee Lem Kwong, his next best friend, Plaintiff-Appellant,**

v.

**John Foster DULLES, Secretary of State of the United States, Defendant-Appellee.**

**No. 128, Docket 23267.**

United States Court of Appeals, Second Circuit.

Argued Feb. 9, 10, 1955.

Decided March 10, 1955.

Samuel Bernstein, New York City, for plaintiff-appellant.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of N. Y., New York City (Arthur S. Ecker, Asst. U. S. Atty., New York City, of counsel), for defendant-appellee.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

SMITH, District Judge.

This is an appeal from a judgment of the United States District Court for the Southern District of New York, (Noonan, D. J.) dismissing, with prejudice, the appellant's complaint in this action brought on December 29, 1949 pursuant to Section 503 of the Nationality Act of 1940; Title 8, U.S.C. § 903, now 8 U.S. C.A. § 1503, for a declaratory judgment declaring him to be a national and citizen of the United States.

Appellant attacks Judge Noonan's conclusion that he had failed to prove by credible evidence that he is the son of Lee Lem Kwong, admittedly a citizen, and Lee Lew Ngon, and also attacks the admission in evidence of government's Exhibit A, a summary of testimony given at a hearing in Hong Kong on applicant's application for a Certificate of Identity, and Exhibit B, reproductions of photographs with names thereon from the files of the Registration of Persons Office in Hong Kong.

■ Judge Noonan's finding that plaintiff did not sustain his burden may only be upset if clearly erroneous, Rule 52(a) F.R.C.P.[1]

■■ Plaintiff's case was based on oral testimony of witnesses before the Court. Inconsistencies in the testimony and failure to recall details of family history which members of a family group might well be expected to remember led the Court to discredit this testimony. Such a finding, when the Court had opportunity to observe the demeanor of the witnesses, will be upset only in the most unusual circumstances. No such circumstances exist here. Although the blood tests were compatible, and the alleged father was a citizen, so that the possibility of citizenship existed, its establishment required affirmative proof, which depended on the credibility of the witnesses. That, even on the cold record was questionable. Judge Noonan's finding was certainly not clearly erroneous.

■■ Exhibit A was received in evidence for purposes of cross examination. Prior contradictory statements were admissible for that purpose, i. e., impeachment. 3 Wigmore, Evidence, 3rd Ed., 1940, Sec. 1017, 1018. The exhibit was certified as a copy of an official government record and so admissible as such a copy under 28 U.S.C. § 1733(a) and (b).

■ Exhibit B consisted of reproductions of records including photographs of persons which photographs plaintiff's witnesses identified as those of plaintiff's brothers. The records were those of the Registration of Persons Office in Hong Kong. The exhibit was objected to as hearsay, which it clearly was, but was admitted apparently as a foreign record. As such it was admissible as an exception to the hearsay rule under Sections 398 and 329 of the New York Civil Practice Act, and therefore was admissible in the court below under Rule 43(a) F.R.C.P.

Affirmed.

---

1. Rule 52(a) F.R.C.P. provides in part: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."