Joseph REPAN, Appellant,

v.

AMERICAN PRESIDENT LINES, Ltd., Appellee.

No. 244, Docket 24281.

United States Court of Appeals Second Circuit.

Argued Feb. 14, 1957.

Decided April 30, 1957.

Harvey Goldstein, New York City (Jacob Rassner, New York City, on the brief), for appellant.

William Warner (of Symmers, Fish, Warner & Nicol), New York City (William G. Symmers and Frederick Fish, New York City, on the brief), for appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

■ This action, brought under the Jones Act, 46 U.S.C.A. § 688, was tried

to the court which found on oral testimony that the accidental dropping of the gas tank which caused plaintiff's injury was not caused by the defendant's negligence. In view of the state of the evidence, we cannot say the finding was clearly erroneous. United States v. Yellow Cab Co., 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150; Lee Dong Sep v. Dulles, 2 Cir., 220 F.2d 264; and Hedger v. Reynolds, 2 Cir., 216 F.2d 202. If the appeal were properly before us, we would affirm on the merits.

However, we are constrained to notice that we lack jurisdiction to dispose of this appeal on the merits. On May 23, 1956, Judge Murphy filed his Findings of Fact and Conclusions of Law, the latter being as follows:

"Conclusions of Law

"(1) The court has jurisdiction over the parties and the subject matter.

"(2) Plaintiff is entitled to no damages with respect to either accident and his first and second causes of action are dismissed.

"(3) Plaintiff is entitled to no maintenance and cure with respect to the injury to his toe.

"(4) With respect to his back injury plaintiff is entitled on his third cause of action to $64.00 maintenance and cure, computed at the rate of $8 a day for the period from September 4, 1951, to September 11, 1951, inclusive.

"Judgment accordingly."

On the same day, the following entry was made in the docket:

"Filed Findings of Fact & Conclusions of Law—Pltf. entitled to $64.—maintenance and cure, computed at rate of $8. a day from 9–4–51 to 9–11–51, Judgment accordingly, Murphy, J."

Thereafter, on June 13, 1956, a formal judgment was filed which, except for provisions as to costs, contained nothing more definitive than the conclusions of May 23, quoted above. The docket entry of June 13 was as follows:

"Filed Judgment No. 60,970 favor of pltf. sum of $64. plus interest as to 3rd cause. Murphy, J. (Mailed notice of entry 6–15–56) and dismissing action as to 1st & second causes and that defendant recover costs to be taxed."

The notice of appeal was filed not until July 11, 1956.

The docket notation of May 23, 1956, made as provided by Rule 79(a) constituted the entry of judgment under Rule 58. Fed.Rules Civ.Proc. 28 U.S.C.A. The time for appeal, therefore, expired on June 22. Edwards v. Doctors Hospital, Inc., 2 Cir., 242 F.2d 888; and F. & M. Schaefer Brewing Co. v. United States, 2 Cir., 236 F.2d 889, certiorari granted 353 U.S. 907, 77 S.Ct. 667, 1 L. Ed.2d 662. See also Matteson v. United States, 2 Cir., 240 F.2d 517.

Appeal dismissed.