**NICHOLS-MORRIS CORPORATION,**
**Plaintiff,**

v.

**Robert E. MORRIS, Defendant.**

United States District Court
S. D. New York.

Oct. 7, 1959.

See, also, 174 F.Supp. 691.

Schreiber, Klein & Opton, New York City, for plaintiff.

Parker, Chapin & Flattau, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

Motion denied. The plaintiff has failed to establish excusable neglect as required by Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 73(a) states specifically that the time to appeal may be extended only " * * * upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment * * *."

The papers submitted make it clear that discussions between plaintiff's and defendant's counsel after the judgment was signed and entered indicate that the plaintiff was put upon notice of such entry. Viewing the matter from the most favorable aspect to the plaintiff, discussions between counsel after the signing and entry of the judgment on August 18, 1959, would have been sufficient to cause any attorney to inquire as to the entry which indeed had already taken place or to assume that it had taken place. In fact, the affidavit of Gabriel Schwartz, dated October 6, 1959, states that Mr. Helmke, an associate of the attorneys of record for the plaintiff, did see a copy of the judgment shortly after it was signed by Judge Weinfeld and that "if a notation of the entry of the judgment was on the document which he inspected, he overlooked it entirely and failed to advise either a member of the firm or myself of that fact." Counsel has tried to explain the neglect in filing the timely notice of appeal by asserting that Mr. Helmke was under the impression that there was a dispute as to the meaning of certain interlineations in the judgment relating to the award of interest and

that the judgment would not be entered until that dispute was cleared up. This is certainly not "excusable neglect based on a failure of a party to learn of the entry of the judgment" required by Rule 73(a) before a court may extend the time of appeal. The language in the Rule is quite clear and persuasive and does not permit the Court much latitude in the exercise of discretion.

Counsel also urged that the neglect was excusable because the clerk of the court had failed to send a notice of entry to him as provided for in Rule 77(d) of the Federal Rules of Civil Procedure. Rule 77(d) states in part: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73 (a)." The Notes of the Advisory Committee on the Rules are quite interesting in this respect. They emphasize "Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants." 28 U.S.C.A. at page 474 (following Rule 77). The Notes point out that the lack of such notification in itself has no effect upon the time for appeal but in an application for extension of time for appeal as provided for in Rule 73(a) the court may take that fact into account. See 28 U.S.C.A. at page 474. The Committee's Notes go on to state: "It would, therefore, be entirely unsafe for a party to rely on absence of noice from the clerk * * * or to rely on the adverse party's failure to serve natice of the entry of a judgment." 28 U.S.C.A. at page 474.

In the light of the circumstances in this case, the failure of the clerk of the court to send counsel notice of entry of the judgment lends no support to the claim that the neglect to file a timely notice of appeal was excusable within the meaning of Rule 73(a).

Motion denied. So ordered.