**NICHOLS–MORRIS CORPORATION,**
**Plaintiff-Appellant,**

v.

**Robert E. MORRIS, Defendant-Appellee.**
**Docket 25948.**

United States Court of Appeals
Second Circuit.

Motion Argued Nov. 9, 1959.

Decided Dec. 4, 1959.

Parker, Chapin & Flattau, New York City, for appellee.

Klein & Opton, New York City, for appellant.

Before SWAN, MAGRUDER* and LUMBARD, Circuit Judges.

SWAN, Circuit Judge.

Plaintiff sued its president for breaches of fiduciary duty. Federal jurisdiction rests on diversity of citizenship. The first three counts of the complaint sought money damages, the fourth sought an accounting of profits and an injunction against further raids on plaintiff's business. The case was tried by Judge Weinfeld without a jury. He wrote an opinion awarding plaintiff $23,-500, with interest from October 3, 1956, on the first three causes of action; the fourth count was dismissed on the merits in a separate paragraph of the judgment for plaintiff. The judgment was filed August 18, 1959 and on the same date an entry was made in the civil docket as follows:

"8/18 Filed judgment No. 62987 —that plaintiff recover the sum of $23,500 with interest, etc. That plaintiff recover costs to be taxed. Weinfeld, J. Judgment entered.

"Clerk mailed notice of entry 8–20–59."

Notice of entry was mailed to defendant. No notice of entry was mailed to plaintiff or its counsel.

Plaintiff has appealed from so much of the judgment as dismissed the fourth count of its complaint. The notice of appeal was filed October 16, 1959. De-

---

* Judge Calvert Magruder of the First Circuit, sitting by designation.

fendant moves to dismiss the appeal as untimely.

On September 29, 1959 plaintiff moved to extend its time to appeal from the judgment. The motion was denied by Judge Kaufman on October 7, 1959. Plaintiff's notice of appeal from this order was filed October 22, 1959. This appeal appellee has moved to dismiss on the theory that the order is not appealable because it is a discretionary order.

The appeal from the judgment was obviously too late, if the notation in the civil docket was effective to start running the 30 days within which an appeal may be taken pursuant to 28 U.S.C.A. § 2107 and Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Edwards v. Doctors Hospital, 2 Cir., 242 F.2d 888, 890. The appellee contends that the notation satisfies the requirements of the Rules as to entry, of which the pertinent provisions are the following:

> Rule 58. " * * * The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs."

> Rule 79. "(a) Civil Docket. The clerk shall keep a book known as 'civil docket' * * * and shall enter therein each civil action to which these rules are made applicable. * * * and judgments shall be noted chronologically in the civil docket on the folio assigned to the action * * * These notations shall be brief but shall show * * * *the substance* of each order or judgment of the court * * * " [Italics supplied.]

In opposition, the appellant contends that the entry fails to show "the substance" of the judgment because it says nothing about dismissal of the count which sought an accounting and injunction; and consequently the appeal was taken prematurely rather than too late.

█ This court has never construed Rule 79(a) so broadly. Indeed, Repan v. American President Lines, 2 Cir., 243 F.2d 876 appears to be precisely in point as to the sufficiency of the entry now before us. Judge Clark's discussion of the subject in F. & M. Schaefer Brewing Co. v. United States, 2 Cir., 236 F.2d 889, shows that the purpose of the docket entry requirement is primarily to indicate to the parties that an act dispositive of the case has been taken and to set a definite date for the beginning of the running of the time to appeal. It is not necessary that the docket entry itself provide full information as to the disposition of each and every claim asserted. Such information the parties may obtain from the court's opinion or the judgment which it signs. To require the clerk's entry specifically to refer to each claim in the complaint would put upon lay personnel in the clerk's office an impracticable burden. Moreover, acceptance of plaintiff's contention that the clerk's notation was ineffective because it did not show plaintiff's failure to obtain all the relief sought would accord to the prayers for relief an importance they are not given under federal procedure. See Rule 54(c) F.R.Civ.P. Although the Schaefer decision was reversed by the Supreme Court in 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721, we do not read its opinion as contradicting Judge Clark's general discussion, or as casting doubt upon the correctness of the Repan decision. Accordingly we hold that the entry was effective and the appeal from the judgment was untimely. The motion to dismiss this appeal is granted.

█ As to the appeal from the order of October 7, 1959, Judge Kaufman's refusal to extend the time for appeal was based on his conclusion that plaintiff had not made "a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment" as required by Rule 73(a). Appellee is mistaken in his contention that a discretionary order is non-appealable. As was said in Cameron v. President and Fellows of Harvard College, 1 Cir., 157 F.2d 993, 997: "De-

cisions reached by an exercise of judicial discretion * * * are reviewable, if they are final, although, of course, on appeal the scope of review is limited to the question of abuse of discretion." Appellee's motion to dismiss the appeal is denied.

LUMBARD, Circuit Judge (concurring and dissenting).

I think that it is clear from the papers before us that Judge Kaufman's decision of October 7, 1959, 24 F.R.D. 478 was correct and I would therefore affirm that order rather than further prolong the litigation. The affidavits submitted by both parties make it clear that the attorneys for the appellant were fully advised of the judgment of August 18 within a few days of its entry. Thus, as Judge Kaufman's thorough opinion makes clear, there is no foundation to the claim of " 'excusable neglect based on a failure of a party to learn of the entry of the judgment' " so as to warrant an extension of the time to file notice of appeal. Rule 73 (a), Federal Rules of Civil Procedure. Rule 77(d) explicitly states that "lack of notice of the entry by the clerk does not affect the time to appeal." Surely this is the more true when a party in fact knows of the entry. I would affirm the order of October 7 without further delay.