**LUM JUNG HOP, Plaintiff-Appellant,**

v.

**Christian A. HERTER, as Secretary of State of the United States of America, Defendant-Appellee.**

**LUM JUNG SENG, Plaintiff-Appellant,**

v.

**Christian A. HERTER, as Secretary of State of the United States of America, Defendant-Appellee.**

**No. 12, Docket 26026.**

United States Court of Appeals Second Circuit.

Argued Sept. 27, 1960.

Decided Sept. 30, 1960.

Edward L. Dubroff, Brooklyn, N. Y. (Haskell R. Barst, New York City, on the brief), for plaintiff-appellants.

Sherman J. Saxl, Asst. U. S. Atty., Southern Dist. of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Stephen Kurzman, Asst. U. S. Atty., New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and TUTTLE * and FRIENDLY, Circuit Judges.

PER CURIAM.

These appeals turn on whether the district judge was clearly erroneous in his findings of fact, pursuant to which he dismissed the two complaints brought under § 503 of the Nationality Act of

* Sitting by designation.

1940, now 8 U.S.C.A. § 1503, for declaratory judgments establishing the nationality and citizenship of the appellants. The cases were consolidated for trial because the appellants alleged paternity through a common grandfather and claimed they were raised together. After hearing the evidence, Judge Dimock, relying on what he considered the unsatisfactory character of appellants' testimony in regard to their childhood surroundings, and evasions and contradictions in their testimony with respect to their life in the United States, held that their allegations of paternity were not proved. Since the opportunity of the trial judge to hear and observe the witnesses is most significant in such a case, we have held that his finding will be reversed "only in the most unusual circumstances." Lee Dong Sep v. Dulles, 2 Cir., 1955, 220 F.2d 264, 265. The record affords no basis for reversing Judge Dimock's findings and his conclusion that the plaintiffs had failed to sustain their burden of proof. Federal Rules of Civil Procedure 52(a), 28 U.S.C.A.

Affirmed.