In the Matter of ORBITEC CORPORATION, Bankrupt.

May McCORMACK, Plaintiff-Appellant,

v.

Robert B. SCHINDLER, Trustee, Defendant-Appellee.

Docket 75–5010.

United States Court of Appeals, Second Circuit.

Argued July 15, 1975.

Decided July 31, 1975.

Joel I. Genzer, New York City, for plaintiff-appellant.

Richard S. Toder, New York City (Zalkin, Rodin & Goodman, New York City, of counsel), for defendant-appellee.

Before MOORE, FRIENDLY and VAN GRAAFEILAND, Circuit Judges.

FRIENDLY, Circuit Judge:

This motion to dismiss an appeal poses some problems concerning the interpretation of the last paragraph of F.R.A.P. 4(a)[1] that have not previously been squarely presented in this circuit. The first paragraph of the Rule provides that in civil cases (other than those to which the United States or an officer or agency thereof is a party), including proceedings in bankruptcy, notice of appeal from the district court to the court of appeals must be filed "within 30 days of

the entry of judgment." The third paragraph provides:

> Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

Plaintiff-appellant May McCormack wishes to have us review a judgment of Judge Weinfeld entered in the District Court for the Southern District of New York on February 28, 1975.[2] That judgment affirmed two orders of a bankruptcy judge to whom the 1966 bankruptcy proceeding of Orbitec Corporation had been referred. One order denied a petition filed by Mrs. McCormack in October 1969 for an order directing Robert B. Schindler, Trustee of Orbitec, to turn over to her $40,000 of insurance proceeds which are the sole assets of the estate; the other dismissed an adversary proceeding, seeking the same relief, which Mrs. McCormack filed in August 1974 after her reclamation petition had been denied by the bankruptcy judge.

No notice of appeal from Judge Weinfeld's judgment was filed within the 30 days provided by the first paragraph of F.R.A.P. 4(a). On April 18, 1975, at the request of counsel for Mrs. McCormack, Judge Weinfeld signed an order requiring the trustee to show cause on April 22 why an order should not be made, pursuant to the final paragraph of F.R.A.P. 4(a), granting plaintiff an additional 30 days in which to appeal, on the ground that her failure to file a timely notice of appeal had been due to excusable ne-

1. The note of the Advisory Committee states that Rule 4(a) was "derived from FRCP 73(a) without any change of substance."

2. Notice of the decision appeared in the New York Law Journal of March 5, 1975.

glect. The order was supported by affidavits which alleged, *inter alia*, that during the period just before and after entry of the judgment, there had been a dispute between Mrs. McCormack and her attorney over the usual subject of fees; that these had culminated in a letter of February 18, 1975, in which the attorney had withdrawn;[3] that her son, Owen McCormack, and a friend, neither of them lawyers, had undertaken the task of keeping in touch with Judge Weinfeld's chambers in order to be apprised of any decision; that on two occasions in March they had been misinformed by a law clerk that no decision had yet been rendered; and that they did not learn the correct facts until April 3.

When the order to show cause came on for hearing, the law clerk, who was not sworn as a witness, denied giving the misinformation alleged. Because of the factual issue this raised, Judge Weinfeld referred the motion to Chief Judge Edelstein. After hearing argument but without conducting an evidentiary hearing, Judge Edelstein, on April 23, 1975, denied the motion for an extension of time to appeal. On May 22, 1975 plaintiff filed a notice of appeal from that order. However, no notice of appeal from Judge Weinfeld's judgment has ever been filed. Hence, the trustee argues in support of his motion to dismiss, it would be fruitless for us to hear the timely appeal from Judge Edelstein's order declining to extend the time to appeal since, even if we were to consider this to have been an abuse of discretion,[4] this would not enable us to review Judge Weinfeld's judgment.

■■ It is not disputed that an order refusing to grant an extension under the last paragraph of Rule 4(a) is appealable,

*Nichols-Morris Corp. v. Morris*, 272 F.2d 586 (2 Cir. 1959), see also 279 F.2d 81 (2 Cir. 1960). And the mere fact that, as would normally be the case, any reversal of an order refusing to grant an extension did not occur until after the expiration of the additional 30 days which are the maximum permitted by the final paragraph of Rule 4(a) would not be fatal to the appeal from the underlying judgment, 9 Moore, Federal Practice ¶ 204.11[4] at 980 n. 1 (1973 ed.). The question here is a different one—how far the ability to take advantage of such a reversal is conditioned on the would-be appellant's having filed a notice of appeal within the additional 30-day period, as was done in *Nichols-Morris*.

■ Plaintiff argues that the right is not so conditioned because, after expiration of the initial 30-day period, she could not file a notice of appeal without permission of the district court which, through alleged error below, she never succeeded in obtaining and that, if we should set matters right by a reversal of that ruling, we could allow the filing of a notice of appeal *nunc pro tunc*. Although the last paragraph of Rule 4(a) seems to address itself primarily to the case where the would-be appellant obtains leave sufficiently early to file a notice of appeal within the additional 30-day period, other parties in Mrs. McCormack's position have not found the same embarassment that she has. The appellant in *Nichols-Morris* was not deterred from following the course which plaintiff says was unavailable; it filed its notice of appeal even after leave was denied. In *C-Thru Products, Inc. v. Uniflex, Inc.*, 397 F.2d 952 (2 Cir. 1968), where we held that the district court could grant the 30-day extension on an application filed within that period even though decision

---

3. This attorney, John I. Genzer, Esq., who appeared for Mrs. McCormack in the district court moving for the extension and in this court opposing the present motion, apparently had superseded an earlier attorney whose name appears in Judge Weinfeld's opinion. The trustee asserts that Mr. Genzer is the fifth attorney Mrs. McCormack has had in this case.

4. This would be primarily because of the failure to conduct an evidentiary hearing. Of course, if this court were to sustain that claim, an issue on which we express no opinion, we would simply remand for a hearing.

Defendant asks in the alternative that we summarily affirm Judge Edelstein's order. In view of our disposition we find it unnecessary to reach that request.

came thereafter, the appellant had filed a notice of appeal along with the application for extension. The Third Circuit has held that nothing prevents a would-be appellant from filing a notice of appeal within the additional 30 days and then having this "validated" by subsequent order of the district court—even when the application for such validation is made after the expiration of the additional period. *Torockio v. Chamberlain Mfg. Co.*, 456 F.2d 1084 (3 Cir. 1972) (*en banc* decision partially overruling *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 278 (3 Cir. 1962)). And, however we might view the matter if Rule 4(a) stood alone, we are faced with the seemingly inexorable mandate of Rule 3(a):

> An appeal permitted by law ·as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court *within the time allowed by Rule 4.* (Emphasis supplied.)

The only "time allowed by Rule 4" is that permitted by the first paragraph, 30 days except in government cases, plus not to exceed the 30 additional days permitted by the third. To be sure, this has the consequence that no appeal can be taken unless something is done within 30 days after expiration of the period prescribed by the first paragraph no matter how excusable the neglect (unless the neglect was of the sort that would sustain a motion under F.R.Civ.P. 60(b)(1)), but the language is clear and the policy in favor of a short and definite limitation on the taking of appeals is very strong.

This brings us to plaintiff's alternative argument, that her motion for an extension of time was itself the required notice of appeal. There is some force in this since the application puts the prevailing party on notice that trouble may lie ahead.[5] In *Pasquale v. Finch*, 418 F.2d 627, 629 (1 Cir. 1969), the court stated it "was willing to assume, for pur-

poses of this case only" that the Government's motion for an extension "served as a notice of appeal for purposes of Rule 4(a)." However, the court watered this down considerably by adding that "Obviously the proper procedure is to file the formal Notice of Appeal contemporaneously with the motion to extend— or at least within the 30-day extension period" and by expressing disfavor with "the government's inexcusable failure to comply with the clear mandate of Rule 4(a)." The point was largely academic in any event since the court of appeals disagreed with the district court's finding of excusable neglect and, after extensively surveying the merits and concluding that the Government was right, dismissed its appeal on the ground that excusable neglect had not been shown. A passage in 9 Moore, Federal Practice ¶ 203.09 at 729, cites with approval a number of cases where something less than a formal notice of appeal has been deemed sufficient but adds the appropriate *caveat*:

> It must be noted that these holdings usually protected indigent laymen in their good faith attempts to appeal, but the holdings clearly establish the power of courts of appeals to overlook irregularities whenever conditions of fairness and justice so require.

In contrast to the tolerant view taken by the First Circuit in *Pasquale v. Finch* "for this case only," the Third Circuit has ruled that it cannot consider an application for an extension of time as the required notice of appeal. *Dyotherm Corp. v. Turbo Machine Co.*, 434 F.2d 65 (3 Cir. 1970). Plaintiff's attempted distinction of *Dyotherm* on the basis that there leave was given at a time when the appellant still had two days to file a notice of appeal whereas leave was never granted here is substantially the same argument we have already rejected, namely, that a notice of appeal cannot be filed during the second 30-day period without the court's permission.

---

5. While it does not get the clerk the $5 fee required by 28 U.S.C. § 1917, plaintiff would doubtless respond that she would pay this if and when she was granted the additional time and that there is no reason to pay if she is not.

■ Assuming that we have power to treat the application for an extension as a notice of appeal, as the Moore treatise suggests, we see no reason for doing that here. By mid-April plaintiff was again represented by an attorney; the bankruptcy proceeding is nine years old; plaintiff repeatedly delayed the hearing on her reclamation proceeding before the bankruptcy judge; and, even if plaintiff could overcome the hurdle presented by Chief Judge Edelstein's order, see note 4 *supra,* her chances of success on an appeal from Judge Weinfeld's judgment appear to be minimal. The purpose of F.R.Civ.P. 73(a), from which F.R.A.P. 3(a) derives, was to replace the previous complexities formed by "writs of errors, bills of exceptions, summons and severances, petitions for allowance of appeal, citations, assignments of errors, and similar vestiges of procedural antiquity" with a clear, simple and understandable method of taking an appeal. See Wright, Federal Courts § 104 at 465–68; Committee Note of 1937 in 9 Moore, Federal Practice ¶ 203.23[2] at 760–61. The purpose of the new rules was to bring litigation to an end and to discourage dilatory tactics. Thus the Appellate Rules Committee was charged to "promote simplicity in procedure, fairness in administration, the just determination of litigation, and the elimination of unjustifiable expense and delay." 1958 Annual Report of the Proceedings of the Judicial Conference of the United States, at 7. See Ward, The Federal Rules of Appellate Procedure, 28 Fed.B.J. 100 (1968). Courts should sanction deviations from the letter of the Rules only on the most compelling showing that these purposes are served. This is not such a case.

The motion to dismiss the appeal is granted.