**VJK PRODUCTIONS, INC., Plaintiff,**

v.

**FRIEDMAN/MEYER PRODUCTIONS, LTD., Defendant and Third Party Plaintiff,**

v.

**INTERNATIONAL FILM INVESTORS, L.P. and International Film Investors, Inc., Third Party Defendants,**

v.

**Stephen R. FRIEDMAN and Irwin Meyer, Additional Defendants on Counterclaims.**

**82 Civ. 4262 (JES).**

United States District Court,
S.D. New York.

Aug. 16, 1984.

ranty of fitness for the function for which they are designed. *Smith v. American Mail Line,* 525 F.2d 1148, 1150 (9th Cir.1975).

Gold, Farrell & Marks, New York City, for defendant and third party plaintiff and additional defendants on counterclaim; Thomas R. Farrell, New York City, of counsel.

Stein, Zauderer, Ellenhorn, Friedman & Kaplan, New York City, for third party defendants; Sidney H. Stein, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Third party plaintiff, Friedman/Meyer Productions, Ltd., and additional counterclaim defendants, Stephen R. Friedman and Irwin Meyer (collectively referred to as "Friedman/Meyer"), move this Court pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an order extending their time to appeal. They seek to appeal from a final judgment entered in their third party action against International Film Investors, L.P. and International Film Investors, Inc. (collectively referred to as "IFI").[1]

## FACTS

On May 18, 1984, a conference was held before this Court for the purpose of discussing the terms of two proposed final judgments that had been submitted to the Court in connection with the third party action.[2] At that conference, the parties agreed, with the Court's approval, upon the terms and form of the judgment. On May 21, the attorney for Friedman/Meyer sub-

1. The judgment provided that Friedman/Meyer was entitled to recover on its claim for declaratory relief and denied all other claims and counterclaims raised in the third party action.

2. Final judgment was entered in the main action on September 27, 1983, pursuant to the Court's Opinion and Order dated June 15, 1983.

mitted a proposed judgment to the Court. The Court signed that judgment on May 24, and it was stamped "Filed" by the Clerk's Office on May 29, 1984. Judgment was entered by the Clerk on June 1, 1984. The Court's signature, the file stamp, and the notation that judgment was entered are all clearly evident on the judgment itself.

Friedman/Meyer alleges that it did not learn of the signature or entry of judgment until July 5, 1984—after the time to appeal had expired.[3] It called the Court's chambers and was told that the case was closed as of May 24, 1984, when the judgment was signed. Upon hearing that information, Friedman/Meyer's attorneys dispatched someone to examine the Court file and discovered that the judgment had indeed been signed on May 24 and that judgment had been entered on June 1.

Friedman/Meyer contends that its failure to file a timely appeal constituted excusable neglect and that its time to appeal should therefore be extended. In support of that claim, it asserts that the judgment was not entered on the docket sheet and was not noted in the *New York Law Journal.*

## DISCUSSION

Rule 4(a)(5) of the Federal Rules of Appellate Procedure permits a party to move for an extension of time where its failure to file a timely appeal was due to "excusable neglect." The Second Circuit has held that an extension should not be granted absent "a compelling showing" that such extension is necessary to effectuate the purposes of the rule. *Fase v. Seafarers Welfare & Pension Plan,* 574 F.2d 72, 76 (2d Cir.1978); *see In re Orbitec Corp.,* 520 F.2d 358, 362 (2d Cir.1975).

3. Fed.R.App.P. 4(a)(1) provides that a notice of appeal in a civil action "shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from."

Friedman/Meyer has not met its burden of demonstrating that its failure to file a timely appeal was the result of excusable neglect. Although it claims that someone in its attorney's offices periodically checked the docket sheet to determine whether the judgment had been signed, and that notice thereof never appeared on the docket sheet, that assertion is incorrect. The judgment was noted as Document # 78 on the docket sheet. While it is true that the docket entry was erroneously dated May 20, instead of May 29, the entry clearly indicated that a final judgment, signed by the Court, had been filed.[4] That entry put Friedman/Meyer on notice that some action with respect to the final judgment had been taken.[5] Upon seeing it, Friedman/Meyer should have gone to the official file and examined the document itself. Had it done so, it would have known that judgment had been entered. It was especially incumbent on Friedman/Meyer to follow up on the docket entry and check the file since it knew, as a result of the May 18 conference, that the entry of judgment was imminent. It follows that its failure to do so does not constitute excusable neglect. Rather, it was "one of those careless omissions to which everyone is indeed subject, but which do not excuse inaction." *Nichols-Morris Corp. v. Morris,* 279 F.2d 81, 83 (2d Cir. 1960).[6]

## CONCLUSION

In accordance with the foregoing, Friedman/Meyer's motion for an extension of time to file its appeal is denied.

It is SO ORDERED.

4. The docket entry stated:

Fld Final Jdgmt on third-party claims & counterclaims[.] Third-par pltff, Friedman/Meyer & add'l defts on CC's Friedman & Meyer, have jdgmt against third-par defts Int'l Film L.P. & Int'l Film Inc declaring that the agreement dtd 3/7/80 is terminated, null & void. etc. Sprizzo, J.

5. Friedman/Meyer contends that the docket entry relates to its *proposed* judgment, not to the final judgment signed by the Court. That argument lacks merit. Proposed judgments are not filed and do not become part of the official court file; thus, Friedman/Meyer's proposed

judgment would not have appeared on the docket sheet. Moreover, the actual final judgment is clearly marked as Document # 78.

6. In addition, the Court notes that notice of the judgment appeared in the New York Law Journal on June 5, 1984, contrary to Friedman/Meyer's assertion. It was, however, erroneously listed under Judge Weinfeld's name. For that reason, this Court bases its decision denying an extension of time to appeal primarily on Friedman/Meyer's failure to note and follow up on the docket entry and only secondarily on its failure to see the notation in the *New York Law Journal.*