**Glenford RAGGUETTE, Appellant**

.v.

**PREMIER WINES AND SPIRITS, LTD.**

No. 10–2449.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 14, 2011.

Opinion Filed: April 19, 2011.

Lee J. Rohn, Esq., Law Offices of Rohn & Carpenter, Christiansted, VI, for Appellant.

Anna H. Paiewonsky, Esq., St. Thomas, VI, for Appellee.

Before: SCIRICA, RENDELL and AMBRO, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant, Glenford Ragguette, brought an action against Appellee, Premier Wine & Spirits, Ltd., in the District Court of the Virgin Islands alleging, among other things, violations of the Americans with Disabilities Act. On January 5, 2010 the District Court granted summary judgment in favor of Premier. Ragguette failed to file a notice of appeal of the summary judgment within thirty days of the judgment, as prescribed by Fed.R.Civ.P. 4(a). On March 2, 2010, fifty-nine days after summary judgment had been granted, Ragguette filed a timely motion for an order granting an extension of time to file a notice of appeal under Fed. R.App. P. 4(a)(5).[1] The District Court denied Rag-

---

1. Within the same motion, Ragguette also re-      quested an Issuance of Order Pursuant to

guette's motion in an order issued on May 14, 2010. Ragguette filed a timely notice of appeal of the May 14, 2010 order. We consider this appeal below. We will vacate the District Court's denial and remand the case to the District Court for further proceedings consistent with this opinion.

■ As a threshold matter, we discuss the disputed issue of whether this Court has jurisdiction over Ragguette's appeal. We find that we do. The denial of a Fed.R.Civ.P. 4(a)(5) motion for extension of time to appeal is a final order for purposes of appeal. *See In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 153 (3d Cir.2005). Ragguette filed a timely notice of appeal of the May 14, 2010 order denying his Fed.R.Civ.P. 4(a)(5) motion. Ragguette's failure to file a notice of appeal of the underlying January 5, 2010 order entering summary judgment is inconsequential for purposes of determining our jurisdiction over the Rule 4(a)(5) motion. Nor has Ragguette's ability to take advantage of a reversal here been affected by his failure to file a notice of appeal of the underlying judgment because, under Fed.R.Civ.P. 4(a)(5)(C), if his motion for extension of time is granted on remand he will have up to fourteen days after the date of the order granting the motion to file a notice of appeal of the underlying judgment.[2]

As jurisdiction is not an issue, our focus shifts to the substance of the matter. We review a trial court's denial of a motion for extension of time under Fed. R.App. P. 4(a)(5) for abuse of discretion measured against the analysis that is required by virtue of the Supreme Court's opinion in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *Cf. Consolidated Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 918 (3d Cir.1987). In *Pioneer*, the Supreme Court articulated the standard for finding excusable neglect in the context of the bankruptcy rules. This Court has applied the *Pioneer* standard for finding excusable neglect outside of the bankruptcy context, including our specific application of the *Pioneer* standard when making an excusable neglect determination in the context of a Rule 4(a)(5) motion for extension of time. *See In re Diet Drugs*, 401 F.3d at 153–54. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. *Pioneer* provides four factors to consider when making this equitable determination: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on

Fed.R.Civ.P. 58(e). He appeals the denial of that portion of the motion as well. The Fed.R.Civ.P. 58(e) portion of the motion, however, is irrelevant as there was no basis for the District Court to make Rule 58(e) order because Premier never filed the appropriate motion for fees and costs pursuant Fed.R.Civ.P. 54(d)(2), as required by Fed.R.Civ.P. 58(e) to extend the time for appeal.

2. Prior to 1979, extensions of time under Fed. R.App. P. 4(a)(5)(C) were limited to the thirty days after the expiration of the original appeal time. As a result, some courts found that in order to appeal the denial of a Fed. R.App. P. 4(a) motion for extension of time,

the appellant must have also filed a notice of appeal of the underlying judgment within the sixty-day window prescribed for extensions. *See In re Orbitec*, 520 F.2d 358 (2d Cir.1975). In 1979, Fed. R.App. P. 4(a)(5)(C) was amended to allow for extensions of time up to ten (now fourteen) days after a Fed. R.App. P. 4(a) motion is granted. In pointing to *In re Orbitec* as a source of confusion, the Advisory Committee Notes indicate that this expansion was meant to expel the requirement of filing a notice of appeal of the underlying judgment prior to challenging the denial of a Fed. R. App. P. 4(a) motion. *See* Fed. R.App. P. 4(a)(5) advisory committee's note (1979).

judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

■ Here, the District Court disposed of Ragguette's motion "without an opinion, without a reason, and more importantly, without reference to the *Pioneer* four-factor balancing standard." *In re Diet Drugs,* 401 F.3d at 154. In doing so, the District Court abused its discretion. *Id.* We therefore vacate the District Court's denial of Ragguette's Motion for Extension of Time to File a Notice of Appeal under Fed. R.App. P. 4(a)(5), and remand the case to the District Court to analyze whether the neglect at issue in this case was excusable under the *Pioneer* standard.[3]

---

**3.** Ragguette urges us to re-assign this matter to a different judge, but we have confidence that the District Court will engage in an appropriate analysis of the *Pioneer* factors on remand.