Pietro Frasca POLARA, Plaintiff,

v.

TRANS WORLD AIRLINES, INC., New York Airport Terminal, Inc., and The Port of New York Authority, Defendants.

United States District Court
S. D. New York.

Jan. 7, 1960.

————◆————

Anthony B. Cataldo, New York City, for plaintiff.

Sidney Goldstein, New York City, for defendant, Port of New York Authority. Francis X. Curley, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff moves under Rule 60(b), F.R.Civ.P. 28 U.S.C.A., to be relieved, on the ground of excusable neglect, from an order entered on August 8, 1959. This order denied plaintiff's application under Rule 73(a), F.R.C.P., for an extension of time to serve a notice of appeal from a judgment entered in favor of defendant, The Port of New York Authority, on July 2, 1959. Upon being relieved from such order plaintiff seeks an

extension of time to serve his notice of appeal.

Rule 73(a) provides that the time within which an appeal may be taken "shall be 30 days from the entry of the judgment appealed from" unless a shorter time is provided by law, which is not the case here. It further provides that "upon a showing of excusable neglect based on the failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed".

The ground for denial on August 8, 1959 of plaintiff's motion to extend his time to appeal under Rule 73(a) was his failure to make the requisite showing of excusable neglect based on his failure to learn of the entry of the judgment. As I said in denying that motion:

"* * * The judgment was entered as a matter of course by the Clerk at the conclusion of trial and after a jury verdict had been rendered in favor of the other two defendants. Prior to the submission to the jury a directed verdict in favor of defendant Port of New York Authority had been granted from the bench. Plaintiff's counsel must have known that the judgment would be entered by the Clerk as a matter of course. In fact, the Clerk sent the usual card to him notifying him of the entry of judgment and he does not deny receiving this though he claims it escaped his attention."

Plaintiff's counsel now has discovered, on examining the clerk's file, that the card sent to him by the clerk had been mailed to his former address, had been returned to the clerk by the post office with the notation "Not at address given", and had then been placed in the clerk's file. Apparently the building at his former address had been demolished and thus the card was not forwarded. Plaintiff's counsel asks that the court, in the light of these facts, reexamine the questions determined against him on his prior application for extension and relieve him of the order entered on August 8 on the ground that he in fact received no mailed notice of the entry of judgment from the clerk and that therefore his neglect to file the notice of appeal was excusable within the meaning of Rule 73(a).

■ I have a certain sympathy for the plaintiff's predicament. But even were I disposed to relieve him of the order of August 8, this would do him no good for I am without power to extend his time to appeal at the late date at which his present motion was made. Under Rule 73(a) the court is authorized to extend the time of appeal for a period "*not exceeding* 30 days from the expiration of the original time" prescribed. Rule 77 (d) provides that the clerk shall serve a notice of entry of judgment by mail upon every party affected who is not in default but that "lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)".

■ Under the 1946 amendments to Rules 6(c), 73(a) and 77(d), F.R.C.P., the court no longer has the power to extend the time for appeal beyond the additional 30 days provided in Section 73(a), even by the means, sustained in Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 of vacating the judgment and reentering it so that the time to appeal would start anew from the reentry. The Rules as amended in 1946 allow relief from failure to file a notice of appeal within the 30 days limited by Rule 73(a) only for the additional 30 days provided in that Rule. The extension must be limited to an additional 30 day period. See the notes of the Advisory Committee, 7 Moore Federal Practice, pp. 3111, 3112. See, also, 6 Moore Federal Practice, pp. 4028, 4029. This period had long since expired by the time the present motion was made.

That the result of these amendments is not unduly harsh is illustrated by the case at bar. Had the plaintiff examined the clerk's file immediately upon discov-

ering that his time to appeal had expired he would have learned that the clerk's card notifying him of the entry of judgment had been sent to his former address and returned. He could have called that fact to the attention of the court on his motion under Section 73(a) and the court could have then given it due consideration. It is too late for the court to do so now.

Plaintiff also urges that since the time to appeal is suspended under Rule 59(a) during the pendency of motions for a new trial, the court might grant him relief from the order of August 8 because his motions for a new trial as to the two co-defendants were pending during the 30 day period after the entry of judgment against the Port of New York Authority. As I pointed out in my decision of August 8, the plaintiff did not move for a new trial against the defendant Port of New York Authority, and the time to make such a motion had by then expired. Moreover, the contention that the judgment entered in favor of the Port of New York Authority on May 28, 1959 did not become final until the decision of the motion for a new trial could not aid the plaintiff here, even if correct. The motion for a new trial was denied on August 8, 1959. Both the time to appeal from the judgment which then became final and the time within which an extension of time to appeal from such judgment could be granted under 73(a) had expired when plaintiff made his present motion on December 3, 1959.

For these reasons plaintiff's motion must be denied.

It is so ordered.