Herold O. **LINABARY**, Plaintiff,

v.

**MARITIME OVERSEAS CORPORATION**
**and Intercontinental Bulk Tank**
**Corp., Defendants.**

**No. 70 Civil 4831.**

United States District Court,
S. D. New York.

Aug. 23, 1973.

Rolnick Tabak Ezratty & Huttner by Sheldon Tabak, New York City, for plaintiff.

Haight, Gardner, Poor & Havens by Francis X. Byrn, New York City, for defendants.

### MEMORANDUM

EDWARD WEINFELD, District Judge.

■ Plaintiff's motion to extend his time to file a Cross Notice of Appeal from the final judgment entered in his favor on May 14, 1973 is denied for (1) failure to make an adequate showing of excusable neglect, and (2) lack of jurisdiction.

Plaintiff's counsel was fully aware of the entry of judgment in plaintiff's favor on May 14, 1973, and had ample time to file an appeal from that portion of the jury verdict which found him contributorily negligent and reduced the amount of the verdict accordingly. Additionally, when plaintiff's post-trial motion on that issue was denied on June 1st, as was the defendants' motion for judgment N.O.V., the attorneys for each party discussed on June 4th the denials of their respective motions in connection with a proposed joint application for a new trial, which never materialized. Thus, again plaintiff was aware of the order of June 1st, but took no steps to appeal therefrom. Moreover, defendants' attorney advised plaintiff's attorneys of a contemplated appeal, which was filed on June 25, 1973. This gave plaintiff until July 9, 1973 to file a cross appeal.[1] Plaintiff filed no appeal and took no action until July 25, 1973, when he served the present motion which, however, was not made returnable until August 21, 1973.

■ Plaintiff's attorneys seek to excuse their failure to file an appeal within the prescribed time on the ground they did not receive a copy of the defendants' notice of appeal of June 25th until July 19, 1973. While the Clerk's docket sheet shows that the defendants' notice of appeal was mailed to plaintiff's attorneys on June 25th, even if plaintiff did not receive this notice it would not relieve him of failure to file within the time allowed under the Rule.[2] There was sufficient activity in this matter for plaintiff's attorneys to have been alert as to the expiration dates for filing of notice of appeal; however, the record makes it clear that there was no real intent to file an appeal unless defendants went forward with their appeal. This is evident from the statement by plaintiff's counsel in his present application that if plaintiff's motion before the Court of Appeals to dismiss defendants' appeal were denied, "plaintiff will wish to file a cross appeal from the final judgment . . ."—in short, tactical moves do not constitute excusable neglect.

■ But even if there were an adequate showing of "excusable neglect," the Court's power under Rule 4(a) to extend the time for filing a notice of appeal is limited to "a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Thus, the period of extension is limited to sixty days from the date judgment is filed, or fourteen days plus thirty days from the date that the opposing party files such a notice; in the instant case the outermost date is August 8th, and the time for filing cannot be extended beyond that date.[3] The instant mo-

---

1. *See* Fed.R.App.P. 4(a).

2. *Cf.* Nichols-Morris Corp. v. Morris, 279 F. 2d 81, 82–83 (2d Cir. 1960) ; Fed.R.Civ.P. 77(d).

3. *See* Edwards v. Doctors Hospital, Inc., 242 F.2d 888, 891 (2d Cir. 1957) (construing virtually identical language in Rule 4(a)'s predecessor, Fed.R.Civ.P. 73(a)) ; Polara v. Trans World Airlines, Inc., 179 F.Supp. 957, 958 (S.D.N.Y.1960).

tion was made returnable August 21, 1973, but plaintiff failed to file any notice of appeal up to the present. This motion for extension of time for filing the notice af appeal cannot be considered a notice of appeal.[4]

4. Dyotherm Corp. v. Turbo Mach. Co., 434 F.2d 65 (3d Cir. 1970); *cf.* Pasquale v. Finch, 418 F.2d 627, 629 (1st Cir. 1969).