**James R. SILVIA, Plaintiff, Appellant,**

**v.**

**William E. LAURIE, etc., et al., Defendants, Appellees.**

**No. 78–1461.**

United States Court of Appeals, First Circuit.

Submitted Jan. 5, 1979.

Decided March 21, 1979.

James R. Silvia, pro se.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

PER CURIAM.

■ On October 11, 1978, the plaintiff, James R. Silvia, noticed his appeal from a district court judgment entered May 9, 1978, dismissing his action under 42 U.S.C. § 1983 for failure to raise a substantial federal question. As the defendants included officers of the United States prison system, the appeal should have been brought within sixty days of the day judgment was entered—i. e., by July 8, 1978. Fed.R. App.P. 4(a). The appeal, being untimely, must be dismissed.

■ Silvia urges that he was unable to comply ·with the provisions of Rule 4(a) because he did not receive notice of the district court judgment until September 1978. Failure to receive notice can constitute a "showing of excusable neglect" sufficient to allow a district court to extend the time for appeal by an additional thirty days, but such an extension here could not have gone beyond August 7, 1978. Id. See 9 Moore's Federal Practice ¶ 204.13[1], at 969–71 (2d ed. 1975). This exception obviously offers no help to the plaintiff, who allegedly did not learn of the judgment until even the August 7 date had passed.

■ While it is tempting to overlook the requirements of Rule 4 when a party—particularly one who is incarcerated—fails to receive notice of judgment, we cannot do so. That a civil appeal be filed within the time specified by the rule is a prerequisite to our jurisdiction. That is, the time limits of Rule 4 are not merely procedural requirements that can be waived at the discretion of the court, but rather are limits on this court's power to review decisions of the district courts. E. g., Browder v. Director; Department of Corrections, 434 U.S. 257, 264–65, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); Martinez v. Trainor, 556 F.2d 818, 819 (7th Cir. 1977); see United States v. Robinson, 361 U.S. 220, 228–29, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Spound v. Mohasco Industries, Inc., 534 F.2d 404, 410–11 (1st Cir.), cert. denied, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976). But see 9 Moore's Federal Practice ¶ 204.02[2], at 908–11 (2d ed. 1975). While the application of this rule may lead to apparently harsh results in some cases, it serves important interests of finality. Browder, 434 U.S. at 264, 98 S.Ct. 556. Moreover, we doubt that any injustice has resulted here. Having read over plaintiff's complaint, which told of his transfers between` and experiences in various state and federal prisons, it appears that the district court was entitled to dismiss it for the reasons stated in its order. Cf. Sisbarro v. Warden, 592 F.2d 1 (1st Cir. 1979) (Massachusetts. prisoner without liberty interest sufficient to invoke due process prior to transfer to other New England and federal prisons; transfers did not ˙invoke first, sixth, and eighth amendment rights).

*Appeal dismissed.*