**WOMEN'S PAVILION, INC., Plaintiff,**

v.

**TOWN OF BABYLON; Raymond Allmendinger, Town Supervisor; Herbert R. Zirk, Chief Building Inspector; Bruce Anderson, Building Inspector; Larry Bennett, Housing Inspector, Defendants.**

No. 80 C 1689.

United States District Court,
E. D. New York.

Nov. 28, 1980.

---

Edward S. Raskin, Deer Park, N. Y. and Roy Lucas, Lynn I. Miller, Washington, D. C., for plaintiff.

Joseph F. Klein, Town Atty., Town of Babylon, Lindenhurst, N. Y., for defendants by Steven M. Schapiro, Asst. Town Atty., Massapequa, N. Y.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

On July 2, 1980, the court entered a preliminary injunction against defendants' application of a local zoning ordinance in a manner violative of plaintiff's constitutionally protected rights. On the afternoon of September 2, 1980, defendants filed with the Clerk of the Court a notice of appeal which was docketed on September 3, 1980.[1] On October 18, 1980 the Clerk received a notice of motion "for an order permitting the late filing of a notice of appeal herein pursuant to the Rules of Appellate Procedure 4(5)." The notice of motion was docketed on October 20.

---

1. There is no question that the court's interlocutory order granting a preliminary injunction is appealable. 28 U.S.C. § 1292(a)(1).

2. Prior to amendment, Rule 4(a) provided in relevant part:

   "In a civil case ... in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from . . . .

   \* \* \* \* \* \*

Rule 4(a), F.R.A.P., provides in relevant part:

"(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from . . . .

\* \* \* \* \* \*

"(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."

In this case, the Rule allowed defendants until August 1, 1980 to file their notice of appeal, and, following a failure to effect such a filing, they had until August 31, 1980 to file the notice of appeal along with a motion to extend the time for that filing. August 31, 1980, however, was a Sunday, and September 1, 1980 was Labor Day, a legal holiday, so that in this case the 30–day extension period expired on September 2, 1980. Rule 26(a), F.R.A.P. Defendants' notice of appeal was therefore timely, having been filed on the very last day of the extension period. However, the motion to permit the late filing was not filed for another 47 days, or 109 days after the order which defendants sought to appeal and was clearly untimely.

Prior to its amendment, effective August 1, 1979, Rule 4(a), F.R.A.P., contained slightly differing language.[2] Under the old

---

"Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

Rule 4(a), some courts held that where a notice of appeal was filed within 60 days of the district court's order and was coupled with a prima facie showing of excusable neglect for the filing beyond the initial 30–day period, the district court was not precluded from exercising its discretion to treat the notice of appeal as the substantial equivalent of a motion to extend the time on the ground of excusable neglect. See, e. g., *Stirling v. Chemical Bank*, 511 F.2d 1030, 1031, 1032 (2d Cir. 1975); *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966).

That flexibility was sharply curtailed, however, by the 1979 amendment, the purpose of which was to

> "make it clear that a motion to extend the time *must be filed no later than 30 days after the expiration of the original appeal time*, and that if the motion is timely filed the district court may act upon the motion at a later date . . . ."

Adv.Comm. Note to Proposed Amendments to Rule 4(a), F.R.A.P. (emphasis supplied).

See 9 Moore's Federal Practice, ¶ 204.13[2]. "The correct procedure is to file the notice of appeal with the motion to extend time for filing and in no event later than the 30–day extension period." *Moore v. Nelson*, 611 F.2d 434, 436 n.4 (2d Cir. 1979).

The Supreme Court has repeatedly held that Rule 4(a) is "mandatory and jurisdictional," see, e. g., *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). Defendants have failed to file a timely notice of appeal and have failed to make a timely motion to be permitted to file one out of time. Under these circumstances, even if this court were inclined to accept defendants' tardily proffered excuse for their failure to observe the require-

ments of Rule 4(a), their noncompliance disables the court from conferring appellate jurisdiction and requires a denial of this motion.

Moreover, we doubt whether defendants in this case would be able to meet their burden of showing "excusable neglect." [3] Defendants' attorney asserts that he timely served a notice of appeal on plaintiff but failed to file the notice due to "oversight." Schapiro Aff. dated October 17, 1980 at 2. While it might be argued from this that plaintiff has not been prejudiced by defendants' default, it is nonetheless the law that Rule 4(a) is not satisfied by service of a notice of appeal upon other parties. *Stirling v. Chemical Bank, supra*, 511 F.2d at 1032; *Federal Deposit Insurance Corp. v. Congregation Poiley Tzedeck*, 159 F.2d 163, 166 (2d Cir. 1946).

Defendants make no claim—and it is doubtful that they could in light of their assertion that a decision to appeal was made during the initial 30–day period—that they did not receive notice of the court's order of July 2, 1980. See *Linabary v. Maritime Overseas Corp.*, 376 F.Supp. 688, 689 (S.D.N.Y.1973), aff'd mem., 505 F.2d 727 (2d Cir. 1974). It is also clear that "mere palpable oversight" is not excusable neglect under Rule 4(a), *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), cert. denied, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), and that the demands of a busy attorney's schedule cannot excuse such a basic default. See *Pinero Schroeder v. Federal National Mortgage Assn.*, 574 F.2d 1117 (1st Cir. 1978). Defendants were represented by experienced counsel "whose duty it was to protect his clients by seeing that the important filing deadline would be met," *Stirling v. Chemical Bank, supra*, 511 F.2d at 1032, and therefore would not be entitled to the indulgence we might accord a litigant *pro se*. See *Haltmier v. Commod-*

---

**3.** Defendant appears to assert that the standard to be applied here is that of "good cause." Whatever the practical distinctions between "excusable neglect" and "good cause," it is clear that the latter term was added to Rule 4(a) by the 1979 amendment for the situation where the appellant seeks an extension before the expiration of the initial 30–day period. Adv.Comm. Note to Proposed Amendments to Rule 4(a), F.R.A.P. "[U]ndoubtedly the intention was to leave undisturbed the requirement" of a showing of excusable neglect for cases involving untimely filings of a notice of appeal. 9 Moore's Federal Practice ¶ 204.13[1.–1].

*ity Futures Trading Commission*, 554 F.2d 556, 559 n.1 (2d Cir. 1977). See generally *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It would be difficult to say that defendants' failure to file a notice of appeal within the initial 30–day period was due to a plausible misconstruction of Rule 4(a), compare *Feeder Line Towing Service, Inc. v. Toledo, Peoria & Western RR Co.*, 539 F.2d 1107 (7th Cir. 1976); and, of course, it is axiomatic that ignorance of the law does not excuse non-compliance. 1 Story, Eq.Jur. § 111.

It is always unfortunate when a party's rights are adversely affected by the inexcusable neglect of counsel. However, the court's decision today is mandated by the Federal Rules themselves and by the overriding consideration that

"the language [of Rule 4(a), F.R.A.P.] is clear and the policy in favor of a short and definite limitation on the taking of appeals is very strong." *In re Orbitec Corporation*, 520 F.2d 358, 361 (2d Cir. 1975) (Friendly, J.).

Accordingly, defendants' motion to permit the late filing of a notice of appeal is denied.

So ordered.