**Celia WYZIK, Plaintiff, Appellant,**

v.

**The EMPLOYEE BENEFIT PLAN OF CRANE CO., Stephen R. Frey, Plan Administrator, Defendant, Appellee.**

No. 81–1418.

United States Court of Appeals, First Circuit.

Submitted July 31, 1981.

Decided Nov. 9, 1981.

As Amended on Denial of Rehearing Dec. 9 and Dec. 11, 1981.

Joel Pentlarge, Ware, Mass., on brief for plaintiff, appellant.

Hamilton Doherty, Jr., and Bulkley, Richardson & Gelinas, Springfield, Mass., on Motion to Dismiss Appeal and Memorandum in Support Thereof, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

The notice of appeal in this case was filed one day late under Rule 4(a)(1), F.R.A.P.[1] This court cannot extend the time for filing, and the time to move for an extension from the district court, 512 F.Supp. 1222, has also passed. Rule 4(a)(5), F.R.A.P.[2]

Under the predecessor of present Rule 4(a), courts were generally willing to treat a tardy notice of appeal as the substantial equivalent of a motion to extend the time for filing on the ground of excusable neglect. *Sanchez v. Dallas Morning News*, 543 F.2d 556 (5th Cir. 1976); *Stirling v. Chemical Bank*, 511 F.2d 1030 (2d Cir. 1975). In August, 1979, however, the Rule was amended to preclude such "substantial equivalence" analysis. The Amendment makes it "clear that a *motion to extend the time must be filed* no later than 30 days after the expiration of the original appeal time, and that *if the motion is timely filed* the district court may act upon the motion at a later date. . . ." Adv.Comm. Note to Proposed Amendments to Rule 4(a), F.R. A.P. (emphasis added). *Accord, Sanchez v. Bd. of Regents of Texas Southern University*, 625 F.2d 521 (5th Cir. 1980); *Women's Pavilion, Inc. v. Town of Babylon*, 502 F.Supp. 420 (E.D.N.Y.1980). Whether or not in truly extraordinary circumstances beyond the ability of counsel to foresee or guard against, a court would have any flexibility in applying this rule, this is not such a case.

---

1. "In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; . . ."

2. "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."

Appellant's argument that Rule 26(c) extends the time for filing a notice of appeal under Rule 4(a)(1), F.R.A.P. is incorrect. *See Reynolds v. Hunt Oil Co.*, 643 F.2d 1042 (5th Cir. 1981). Her argument that Rule 58, F.R.C.P. was not complied with is disproved by the record before us.* Whatever may be appellant's rights vis-a-vis her attorney, she may no longer seek to disturb the appellee's victory below.

*The appeal is dismissed.*

---

* To satisfy Rule 58, the judgment must be prepared as a separate document, and an entry must be noted on the civil docket. See generally 6A J. Moore, Federal Practice ¶ 58.02, at 58–58. Appellant incorrectly suggests that a "technical reading" of Rule 58 always requires a clerk's signature to validate the separate document. Rule 58 provides that "the clerk, *unless the court otherwise orders*, shall forthwith prepare sign, and enter the judgment". (emphasis added). In this case, the district judge chose to sign the document himself, rather than to leave this "ministerial act" to the clerk. 6A J. Moore, *supra*, ¶ 58.04[4.-2] at 58–163. Although it may be customary for the clerk and not the judge to sign the separate document, the variation found here also satisfies Rule 58. *Scola v. Boat Frances, R., Inc.*, 618 F.2d 147, 151 (1st Cir. 1980); *Home Federal Savings and Loan Association, of Chicago v. Republic Insurance Co.*, 405 F.2d 18, 25 (7th Cir. 1968).