See also 551 F.Supp. 1385, 566 F.Supp. 881.

---

**Victor GRIFFIN, Plaintiff,**

**v.**

**GEORGE B. BUCK CONSULTING ACTUARIES, INC., Defendant.**

**No. 81 Civ. 4164(MEL).**

United States District Court, S.D. New York.

Nov. 17, 1983.

Victor B. Griffin, pro se.

Kelley Drye & Warren, New York City, for defendant; Martin D. Heyert, New York City, of counsel.

LASKER, District Judge.

In this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, final judgment for the plaintiff, Victor Griffin, was entered on August 12, 1983. Although Griffin was represented by an

attorney at trial, he has not been represented by an attorney since judgment was entered. In a letter dated October 6, 1983, which the Court received on October 11, 1983, Griffin stated that he was "hereby filing my notice of appeal of the issue of relief in the case of *Griffin v. Buck.*" Griffin explained that the filing of his notice of appeal had been delayed because of the withdrawal of his attorney and because he was unfamiliar with the required procedures. By letter from chambers dated October 11, 1983, Griffin and counsel for the defendant were informed that the "notice of appeal" had not been filed within the 30-day period prescribed by Rule 4 of the Federal Rules of Appellate Procedure ("F.R.App.Pr."), but that Griffin's letter would be treated as a motion for extension of time to file a notice of appeal.

F.R.App.Pr. 4(a)(5) provides:

"The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later."

Defendant argues that the Rule's current language, which was adopted in 1979, represents a change toward stricter requirements of formality in moving for an extension of time to file a notice of appeal, and that a late notice of appeal may no longer be treated as an implicit request for an extension of time within which to file the appeal.[1] In support of this argument defendant cites the Advisory Committee Note on the 1979 amendment, which states in part:

"Under the present rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application. The amendment would require that the application must be made by motion, though the motion may be made *ex parte*. After the expiration of the initial time a motion for the extension of the time must be made in compliance with the F.R.C.P. and local rules of the district court."

Most of the Courts of Appeals that have considered this question have held that amended Rule 4(a)(5) no longer permits recognition of informal or implicit motions for extension of time.[2] The Fourth Circuit, however, has come to a different conclusion in a decision whose reasoning we find persuasive. In *Shah v. Hutto*, 704 F.2d 717 (4th Cir.1983), the Court held that a notice of appeal mailed by two *pro se* litigants within 30 days of the judgment but not received and filed until one day after expiration of the 30-day period should be treated as a motion for extension of time for filing the notice.[3] The Court stated:

"[t]he notice of appeal itself, in the circumstances of this case, implicitly con-

---

**1.** Prior to the 1979 amendment, Rule 4(a) stated, in relevant part:

"Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

**2.** *See Pryor v. Marshall,* 711 F.2d 63 (6th Cir. 1983); *Brooks v. Britton,* 669 F.2d 665 (11th Cir.1982); *Pettibone v. Cupp,* 666 F.2d 333 (9th Cir.1981); *Wyzik v. Employee Benefit Club of Crane Co.,* 663 F.2d 348 (1st Cir.1981); *Mayfield v. United States Parole Commission,* 647 F.2d 1053 (10th Cir.1981); *Sanchez v. Board of Regents,* 625 F.2d 521 (5th Cir.1980) (holding given prospective application). Except for *Wyzik* and *Sanchez* all of these cases were decided against *pro se* litigants.

**3.** One judge dissented. *See* 704 F.2d at 721–23.

tained an application for the extension necessary to permit its filing. One can-not discern any specific intention on the part of the plaintiffs to file a motion or to request an extension, but then they knew neither of the delay in the mail nor the need of a motion. There is no doubt, however, that the notice was a clear indication of their intention to appeal, and implicit in that is a wish to do and have done whatever was necessary to preserve and protect their rights. If someone in the clerk's office had informed them of the delay and of the appropriateness of a motion for an extension of time, there is little doubt but that they would have embraced the suggestion. Unless the notice of appeal is given such a construction, the rule becomes a trap for the unwary."

*Id.* at 720.

■ Although in this case the "notice of appeal" was not sent until the 30-day period for filing a notice of appeal had expired, it was sent within the period during which a motion for extension of time may be filed, and the Fourth Circuit's reasoning is applicable to these circumstances as well. We believe that the withdrawal of Griffin's attorney following entry of judgment and Griffin's unfamiliarity with appellate procedure provide good cause to permit an extension of time for filing the notice of appeal, and that the strong policy favoring disposition of legal claims on their merits justifies the resolution of any doubts on the subject in favor of permitting the appeal.

For the foregoing reasons, the motion for extension of time to file a notice of appeal is granted. Under Rule 4(a)(5), such notice must be filed within ten days of the entry of this order.

It is so ordered.