**Robert HUDSON, Plaintiff,**

v.

**James EDGETT and the People of the State of New York, Defendants.**

**No. 85 Civ. 2476 (PKL).**

United States District Court,
S.D. New York.

March 26, 1986.

Robert Hudson, pro se.

Robert N. Palmer, Poughkeepsie, N.Y., for Edgett.

Alan Gitter, Office of the Atty. Gen., New York City for people.

### ORDER

LEISURE, District Judge:

On September 9, 1985, this Court issued an Order in this action dismissing the complaint of Robert Hudson, plaintiff *pro se*. On January 27, 1985, plaintiff moved this Court, pursuant to Fed.R.App.P. 4(a)(5), for an extension of his time for filing a notice of appeal. In his "Motion for Excusable Neglect," plaintiff alleged that he was not notified of the September 9 Order until sometime in October.

Under Fed.R.App.P. 4(a)(1), plaintiff was required to file a notice of appeal with the district court no later than 30 days after the September 9 Order. Because this 30-day time limit is "mandatory and jurisdictional," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982); *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978), the Second Circuit has treated the time requirements of Rule 4(a)(1) as "especially rigid." *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 916 (2d Cir.1985).

Once plaintiff failed to file his notice of appeal within 30 days of September 9, his only means of preserving his right to appeal was to file a Motion for Excusable Neglect within 30 days after his Rule 4(a)(1) time to appeal had expired. *See* Fed.R.App.P. 4(a)(5); *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 514 (2d Cir. 1985).

Plaintiff's failure to file his Rule 4(a)(5) motion within 60 days of the September 9 Order renders his motion untimely. Plaintiff's explanation for his delay—that he failed to receive the district court judgment—cannot be used to relax the strict time requirements imposed by Rule 4(a)(5). *See Silvia v. Laurie*, 594 F.2d 892, 893 (1st Cir.1979) (plaintiff *pro se* ); *Jones v. Wolfson*, 514 F.Supp. 187, 190–91 (S.D. N.Y.1981) (same).

Furthermore, with respect to plaintiff's professed confusion regarding the time requirements of Rule 4, it is worth noting that the Pro Se office sent him a letter (dated December 4, 1985) which explained in careful detail the necessary procedures for a motion for excusable neglect. Assuming that plaintiff received this letter sometime before December 27, 1985, plaintiff's Rule 4(a)(5) motion was still filed more than 30 days after he received actual notice of the need to file a motion for excusable neglect, and more than four months after this Court issued the order that plaintiff now seeks to appeal.

Accordingly, plaintiff's motion for excusable neglect must be denied as untimely under Fed.R.App.P. 4(a)(5).

SO ORDERED.