902 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christopher ENGLISH, Petitioner-Appellant,
v.
Harry L. ALLSBROOK, Jr., Respondent-Appellee.
 No. 90-6501.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1990.
Decided April 13, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Chief District Judge. (C/A No. 89-522-HC-BR)
 Christopher English, appellant pro se.
 E.D.N.C.
 DISMISSED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Christopher English seeks a certificate of probable cause to appeal the judgment of the district court dismissing his habeas corpus petition brought pursuant to 28 U.S.C. Sec. 2254. The order dismissing the petition was entered July 18, 1989. The next filing in the action was a motion to set aside the judgment and for rehearing, dated October 13, and filed October 17, 1989. In the motion English alleged that he never received a copy of the district court's order dismissing his petition. He also reiterated the same contentions raised in his petition and requested the district court waive the 30-day period for appealing the earlier dismissal of the petition. By order entered November 30, 1989, the district court denied the motion to set aside the judgment. English's notice of appeal dated December 29, 1989, was filed January 4, 1990.
 
 
 2
 Under Fed.R.App.P. 4(a), an appeal must be noted within ten days after the entry of the judgment or order appealed from. Upon a showing of excusable neglect the district court may extend the time for filing a notice of appeal upon a motion filed not later than 30 days after the expiration of 30-day period required under Rule 4(a)(1). The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). The fact that English may not have received notice of entry of the judgment does not excuse his failure to file a timely appeal. See Fed.R.Civ.P. 77(d) (lack of notice of entry of an order by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Fed.R.App.P. 4(a)). See also Silvia v. Laurie, 594 F.2d 892 (1st Cir.1979) (while failure to receive notice could constitute a showing of excusable neglect sufficient to allow the district court to extend the time for an appeal, this would only be true provided the appellant noted his appeal before the expiration of the extension period provided by the rule).
 
 
 3
 Although the appeal is untimely from the judgment dismissing the habeas petition it is timely from the order denying the Fed.R.Civ.P. 60(b) motion to set aside the judgment.* We conclude, however, that the district court did not abuse its discretion in denying English's Rule 60 motion. The district court correctly found that English's habeas petition was frivolous.
 
 
 4
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 The appeal from the Rule 60 denial is timely under Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428) (pro se prisoner's notice of appeal is filed at moment of delivery to prison authorities for forwarding to district court)