956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Holden DUNFORD, Jr., Plaintiff-Appellant,
v.
D. PIERCE, Officer; V. Smedley, Officer; John and Jane
Does, Tulsa Police Department; and John and Jane
Does, Hillcrest Hospital, Tulsa,
Oklahoma, Defendants-Appellees.
 No. 91-5130.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Holden Dunford, Jr., appeals a summary judgment entered against him by the district court. Tulsa Police Department Officers D. Pierce and V. Smedley object to the jurisdiction of this court, claiming the notice of appeal is untimely. We agree and dismiss.
 
 
 3
 The order granting summary judgment was filed January 22, 1991. Rule 4 of the Federal Rules of Appellate Procedure provides that a notice of appeal must be filed with the clerk of the district court within thirty days after the date of entry of the judgment or order appealed from. On August 26, 1991, more than eight months after the entry of the district court's final order, Dunford filed his notice of appeal to this court. The notice of appeal was thus untimely. See Fed.R.App.P. 4(a)(1).
 
 
 4
 The filing requirement is mandatory and jurisdictional, see Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978), and may not be waived even for "good cause." See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).
 
 
 5
 Mr. Dunford argues that he did not receive timely notice of the entry of judgment in this case because of prison transfers, but this does not obviate the need for a timely notice of appeal or a timely request for an extension. See Fed.R.Civ.P. 77(d) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."). See also Silvia v. Laurie, 594 F.2d 892, 893 (1st Cir.1979) (while failure to receive notice may constitute excusable neglect allowing the district court to extend the time for appeal, a request for extension of time prior to the end of the thirty-day grace period is a prerequisite to relief); Mayfield v. United States Parole Comm'n, 647 F.2d 1053, 1055 (10th Cir.1981) (request for extension of time to file notice of appeal must be made prior to the end of the thirty-day grace period).
 
 
 6
 Because no timely notice of appeal was filed, we lack jurisdiction. The appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3