Pratt v. U.S.A.                    CV-95-123-M    05/15/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

David P. Pratt

    v.                                        #C-95-123-M

United States of America


## ORDER ON WRIT OF HABEAS CORPUS

The petitioner has filed this writ of habeas corpus stating that Attorney Joseph Caulfield denied him effective assistance of counsel by refusing to file a notice of appeal after petitioner informed him that he wanted an appeal.


PROCEDURAL HISTORY

The petitioner was indicted on November 5, 1992 for causing to be sent or delivered by the United States Postal Service a communication containing a threat to injure a person. Specifically, petitioner caused to be mailed to Chief Stephen Monier, of the Goffstown New Hampshire Police Department, the mutilated corpse of a pig.

On December 3, 1992 Attorney Andrew D. Wickwire appeared specially for the petitioner for the limited purpose of representing the petitioner at the bail hearing.

On December 3, 1992 Attorney I. Michael Winograd appeared for the petitioner.  Attorney Wickwire withdrew as petitioner's

counsel on January 21, 1993.

On May 11, 1993 the petitioner signed a plea agreement whereby he agreed to plead guilty to count one of an indictment charging him with mailing threatening communications in violation of 18 U.S.C. § 876. A sentencing hearing was scheduled to take place on August 6, 1993.

On June 29, 1993 Attorney Winograd filed a motion to withdraw as petitioner's counsel, citing that irreconcilable differences had arisen between him and the petitioner.

On July 21, 1993 the petitioner wrote to the court requesting permission to have Attorney Winograd removed as his counsel, because petitioner had been intimidated by Winograd to plead guilty.

On July 27, 1993 the court allowed Attorney Winograd to withdraw and the petitioner was directed to advise the court who he had retained as new counsel by August 18, 1993.

Attorney J. Normand Jacques then appeared for the petitioner and on September 20, 1993 filed a motion to withdraw petitioner's guilty plea. The court deferred ruling pending psychological medical evaluation citing 18 U.S.C. §§ 4241 and 4244.

On October 12, 1993 Attorney Jacques filed a motion to withdraw as counsel. The motion was granted by the court on October 13, 1993.

Attorney Joseph Caulfield then filed an appearance for the petitioner on October 12, 1993.

On October 18, 1993 the court, having reservations about the petitioner's condition, ordered that he receive a medical and psychiatric examination pursuant to 18 U.S.C. §§ 4241, 4244. The petitioner was ordered to surrender to the United States Marshal on October 28, 1993 for such examination. The court held in abeyance any ruling on petitioner's motion to withdraw his guilty plea pending completion of the examination and subsequent hearing.

On January 31, 1994 the court granted petitioner's motion to withdraw his guilty plea. The court further noted that it is clear from the psychiatric evaluation that the petitioner was competent to stand trial.

On June 16, 1994 the day before the petitioner was sentenced Attorney Caulfield wrote to the petitioner informing him of the following:

> Please find the Probation Department's revised report as well as a letter from your former wife.
>
> In any event, after you are sentenced, my representation of you in this matter is concluded. I do not do Federal Appellate work. If you intend to appeal to the United States Court of Appeals for the First Circuit, the rules require that you file your Notice of Appeal within ten days of the Judgment being entered on the docket. If you miss this filing deadline you have forty days to file a Motion Seeking Leave to Late File your Appeal on the basis of

Excusable Neglect.  Generally this Motion is allowed.

   If you wish to appeal the Judgment, I suggest you
immediately contact an attorney who specializes in such
matters or the Public Defender's office.

On June 17, 1994 Petitioner, after having been convicted of the offense of mailing threatening communications in violation of 18 U.S.C. § 876, was sentenced to 37 months.

Petitioner, by motion dated August 10, 1994 and filed in this court on August 17, 1994, requested leave to late file a notice of appeal.

In petitioner's motion he stated that his trial attorney failed to file notice of appeal despite petitioner's repeated requests.

By order dated September 7, 1994, the court denied petitioner's motion on the following bases:  petitioner did not file a notice of appeal within 10 days of the entry of judgment, the appeal having been filed on August 10, 1994; petitioner did not file a timely motion, i.e. within 30 days after expiration of the time allotted for filing a notice of appeal; petitioner did not seek an extension of the filing deadline; and petitioner did not show excusable neglect or good cause for failing to file a timely notice within the period prescribed.  See Fed. R. App. P. 4(b) and (c).

On September 30, 1994 the petitioner filed a motion to

reconsider the court's September 7, 1994 order. Petitioner stated that he had received Attorney Caulfield's June 16, 1994 letter on or about June 19 while at the Hillsborough County Jail where he remained until July 5th and then was transferred to the first of three federal prisons between that date and July 28, 1994. Petitioner also contends that Attorney Caulfield had a duty to appeal. Finally, petitioner states that although the court was allegedly aware that his counsel was withdrawing prior to filing an appeal, the sentencing transcript shows that the court failed to advise defendant, pursuant to Fed. R. Crim. P. 32, that if he so requests the Clerk will prepare and file his notice of appeal.

On July 8, 1994 while at FCI Otisville the petitioner requested C. Hawthorne, the paralegal there, to file a notice of appeal. On July 13, 1994 petitioner was transferred to USP Lewisburg. On July 28, 1994 petitioner arrived at FCI Ray Brook where he is presently incarcerated. On or about August 8, 1994 petitioner received a response from Hawthorne concerning his appeal. Hawthorne informed petitioner that, as a paralegal, he was unable to file the notice of appeal.

On October 19, 1994 petitioner's motion for reconsideration was denied, the reason being that the court was without jurisdiction to grant the requested relief.

5

Subsequently, on November 10, 1994 petitioner filed a notice of appeal with the First Circuit Court of Appeals.

Attorney Caulfield by letter dated December 6, 1994 wrote to the Office of the Clerk for the United States Court of Appeals for the First Circuit. In this letter Attorney Caulfield stated that at a lobby conference Judge McAuliffe informed him that his representation of the petitioner would end at the termination of the jury trial.

On March 9, 1995 the petitioner filed a 28 U.S.C. § 2255 motion and affidavit. As grounds for his § 2255 motion, petitioner alleges ineffective assistance of counsel and the failure of the court to comply with Fed. R. Crim. P. 32(c)(5) by neglecting to notify him that the Clerk of Court will prepare and file a notice of appeal on his behalf.


DISCUSSION

28 U.S.C. § 2255 (Federal custody; remedies on motion attacking sentence) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the

court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

The Court of Appeals has no jurisdiction to consider a motion brought under 28 U.S.C. § 2255 when the district court has failed to act on such motion. Davis v. United States, 175 F.2d 19 (9th Cir. 1949).

Fed. R. Crim. P. 32(c)(5) (1995) (previously 32(a)(2) (1994)) provides that "after imposing sentence in a case which has gone to trial on a plea of not guilty, the court must advise the defendant of the defendant's right to appeal. . . . If the defendant so requests, the clerk of the court must immediately prepare and file a notice of appeal on behalf of the defendant."

In the case at hand, the court informed the petitioner of his right to appeal pursuant to Fed. R. Crim. P. 32. Sentencing transcript page 26. However, the petitioner did not indicate to the court, at the time of sentencing, that he wanted to appeal his case. This being the situation, it is not incumbent upon the court to inform the petitioner about the succor the clerk of court can give to him in formulating an appeal.

The court next addresses petitioner's contention of ineffectiveness of counsel. Specifically, petitioner contends that Attorney Caulfield, regardless of the fact that he wrote a letter disclaiming any expertise relating to federal appellate

7

procedure, had a duty to file a notice of appeal.

"The Constitution entitles a criminal defendant to representation at the trial and sentencing stages and through the first appeal to which he has a right." Morin v. Rhode Island, 741 F. Supp. 32, 36 (D.R.I. 1990).

It is axiomatic that the withdrawal of counsel at a crucial time during the tolling of the appellate time together with petitioner's unfamiliarity with appellate procedure militates against an expeditious appeal. Griffin v. George B. Buck Consulting Actuaries, Inc., 573 F. Supp. 1134 (S.D.N.Y. 1983).

Further, a defendant's right to effective assistance of counsel applies not just at trial but also on direct appeal. Evitts v. Lucey, 469 U.S. 387, 396, 105 S. Ct. 830, 836, 83 L.Ed.2d 821 (1985); Romero v. Tansy, 46 F.3d 1024 (10th Cir. 1995).

The United States Court of Appeals for the Fourth Circuit has reiterated the principles noted in Evitts v. Lucy, supra. Fundamentally, the right to counsel is "required in the hiatus between the termination of trial and the beginning of an appeal." Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969), cert. denied, 397 U.S. 1007, 90 S. Ct. 1235, 25 L.Ed.2d 420 (1970); Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir. 1991)

Habeas corpus petitions alleging ineffectiveness of counsel

8

for failure to perfect direct appeals from convictions present a common question: whether a prisoner who contends that his attorney rendered ineffective assistance by failing to perfect an appeal from his conviction must show that he would have prevailed had an appeal been taken. <u>Castellanos v. United States</u>, 26 F.3d 717, 718 (7th Cir. 1994). See <u>Bonneau v. United States</u>, 961 F.2d 17 (1st Cir. 1992). Like other courts, this court answers the question in the negative. <u>Id</u>.

The court finds that there has been a denial or infringement of the constitutional right of the petitioner to appeal his case. As such the petitioner shall be resentenced so that he can take a direct appeal to the First Circuit Court of Appeals. <u>Bonneau</u>, <u>supra</u>.

This court, at the request of the sentencing Judge, Steven J. McAuliffe, has ruled on this writ of habeas corpus.
May 15, 1995

                    _____
                    Martin F. Loughlin
                    Senior Judge

David P. Pratt